# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| LEE A. GAINES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-5117 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| SHERYL BURNS RN, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Lee Gaines brings this action against Defendants Sheryl Burns, Deborah Collymore, Andrew Q. De Funniak, Fayez M. Mekhael, Monina Mercado Jude, Terry Merriweather, Andrey Shindrayev, Peggy A. Westbrook, and Sunita B. Williamson for deliberate indifference to his medical needs under 42 U.S.C. § 1983 (Count I) and for medical negligence under Illinois law (Count II). Currently before the Court is Defendants' motion to dismiss [31] the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), solely as to the statute of limitations issue. For the reasons explained below, the Court denies the motion [31]. Plaintiff is given until October 7, 2019 to file a response brief on Defendants' remaining arguments for dismissal. Defendants are given until October 28, 2019 to file a reply. The Court will issue a ruling by mail.

## I. Background

At all relevant times, Plaintiff was a detainee at the Cook County Jail. [15, at ¶ 5.] Defendants are all believed to be medical professionals who provide medical services to prisoners at Cook County Jail. [*Id*. at ¶¶ 6-14.] On or about September 8, 2016, Plaintiff noticed a tiny black mark on his left forearm. [*Id*. at ¶ 16.] This mark developed into a painful lump that

ultimately was diagnosed as Methicillin-Resistant Staphylococcus Aureus ("MRSA"). [*Id*. at ¶ 16.]

On July 26, 2018, Plaintiff filed his initial *pro se* complaint, naming as Defendants Cook County Department of Corrections ("DOC"), Cermak Health Services of Cook County, and Thomas Dart, Sherriff of Cook County. [See 1.] On the same day, Plaintiff also filed an application to proceed *in forma pauperis* [4] and a motion for attorney representation [5]. Plaintiff's original IFP application was defective, but he later supplied the information required for the Court to determine that he is in fact indigent. On October 31, 2018, this Court dismissed Sherriff Dart because he was not alleged to have been involved in the medical care of Plaintiff. [See 8.] The Court also dismissed the DOC and Cermak because they are not suable entities for the purpose of a Section 1983 claim. [*Id*.] However, the Court granted Plaintiff's motion for attorney representation and gave Plaintiff the opportunity to amend his complaint to name the proper defendants. [*Id*.] The Court ordered Plaintiff's counsel to file a status report by December 7, 2018 on his efforts to determine the appropriate defendants. [*Id*.] Counsel made his first appearance on November 1, 2018. [See 9.] He filed a status report as directed by the Court on December 7, 2019. [See 10.]

On November 16, 2018, Plaintiff submitted a medical record request to a Cook County official in order to determine who the appropriate defendants were. [34-2.] As of December 7, 2019, Cook County had not yet sent counsel Plaintiff's medical records. [10, at ¶ 8.] The Court ordered a further status hearing on January 17, 2019. [See 11.] On January 14, 2019, Plaintiff's counsel reported to the Court that Plaintiff had received his medical records from Cook County and that Plaintiff expected to file an amended complaint on or before January 21, 2019. [13 at ¶ 5.]

On January 17, 2019, Plaintiff filed his amended complaint, naming current Defendants. [See 15.] On February 27, 2019, Defendants moved to dismiss the complaint, arguing that (1) both counts are time-barred by the applicable statute of limitations; (2) Count II should be dismissed for failure to comply with 735 ILCS 5/2-622(a)(1); and (3) Count I should be dismissed for failure sufficiently to allege a Fourteenth Amendment medical care claim. [See 31.] This Court ordered that the second and third issues be held in abeyance until the statute of limitations issue was resolved. [See 33.] Pending before the Court is Defendants' motion to dismiss Plaintiff's claims on statute of limitations grounds.

## II. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's

favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

**III.    Analysis**

Defendants move for dismissal of Plaintiff's claims against them because—according to Defendants—Plaintiff failed properly to name and bring his claims against them within the relevant statutes of limitations. Dismissal based on a statute of limitations is an affirmative defense. See Fed. R. Civ. P. 8(c)(1). Nevertheless, "dismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness." *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674-75 (7th Cir. 2009); see also *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (explaining that dismissal is appropriate "where, as here, the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations"). "A two year statute of limitations applies to section 1983 claims in Illinois." *Licari v. City of Chicago*, 298 F.3d 664, 667-68 (7th Cir. 2002) (citing *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992)). A claim against a public employee arising out of patient care (Count II) in Illinois also is subject to a two-year statute of limitations. 745 ILCS 10/8-101(b).

The alleged misconduct occurred in September of 2016. Although Plaintiff filed his initial complaint on July 26, 2018 [see 1], Plaintiff did not file his amended complaint naming Defendants until January 18, 2019 [see 15], more than two years after the alleged misconduct. Because both counts are subject to a two-year statute of limitations, Defendants argue that Plaintiffs' claims are

4

time-barred.  Plaintiff responds that his claims are not time-barred because: (1) this court tolled the statute of limitations; (2) the amended complaint relates back to Plaintiff's initial complaint under Fed. R. Civ. P. 15; (3) the amended complaint relates back to the initial complaint under Illinois law; and (4) the doctrine of equitable tolling should be applied.  [See 34.]  With respect to the first argument, although the Court previously instructed Plaintiff to "identify an appropriate defendant" in "light of any applicable tolling principles," the Court did not conclude one way or the other whether any such equitable tolling principles applied in this case.  The Court therefore rejects Plaintiff's first argument and turns to Plaintiff's remaining arguments.

A.  **Relation Back**

Plaintiff argues that his claims are timely under the relation back doctrine of Rule 15.  Rule 15(c)(1) provides that "an amendment to a pleading relates back to the date of the original pleading when * * * the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."  Fed. R. Civ. P. 15(c)(1)(C).

Defendants argue that Plaintiff's claims against them do not relate back to Plaintiff's original complaint under Rule 15(c)(1) because "the Seventh Circuit has interpreted Rule 15(c)(1) to permit an amended complaint to relate back to the original complaint only where 'there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake.'"  [31, at 6 (quoting *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000).]  Defendants primarily rely on two cases in support of this proposition,

5

*King v. One Unknown Fed. Correctional Officer*, 201 F.3d 910 (7th Cir. 2000), and *Allen v. City of Chicago*, 2009 WL 4506317 (N.D. Ill. Nov. 30, 2009). In both cases, the courts ruled that equitable tolling did not apply because the plaintiffs did not make any mistake concerning the individual defendants' identities. *King*, 201 F.3d at 915; *Allen*, 2009 WL 4506317, at *5. Defendants argue that Plaintiff here similarly did not make a mistake under Fed. R. Civ. P. 15(c) and that equitable tolling therefore should not apply. [35, 8.]

However, *King* and *Allen* are easily distinguishable from the case at hand. In *King*, the plaintiff filed this suit against "one unknown federal correctional officer." 201 F.3d at 911. The Seventh Circuit upheld the district court's decision to dismiss the case as time-barred. *Id*. at 914-15. The court concluded that because claims only relate back under Rule 15(c) when the plaintiff makes a mistake, it would have been futile for the plaintiff to amend the complaint. *Id*. In *Allen*, the plaintiff sued (among others) a "John Doe arresting officer." 2009 WL 4506317, at *1. The plaintiff later amended his complaint after the statute of limitations expired naming the individual officers. *Id*. This Court ruled the claim against the individual officers must be dismissed because it did not relate back to the original complaint because—just as in *King*—the plaintiff did not make a mistake concerning the individuals' identities. *Id*. at *2-5.

Both of these cases involved the "John Doe" rule, pursuant to which a plaintiff's lack of knowledge about a defendant's identity was not considered a "mistake" within the meaning of Rule 15(c) such that a plaintiff could amend his complaint and take advantage of the relation-back doctrine. See, *e.g.*, *Hall v. Norfolk S. Ry.*, 469 F.3d 590, 596 (7th Cir. 2006). However, the "John Doe" rule does not apply in this case, as Plaintiff did not name a fictitious defendant. His original complaint named Cook County Department of Corrections ("DOC"), Cermak Health Services of Cook County, and Sherriff Thomas Dart. [See 1.] Although Plaintiff named the incorrect parties,

Plaintiff did not name fictitious parties. In any event, many courts in this district have ruled that the John Doe rule did not survive the Supreme Court's ruling in *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538 (2010). See *Paulsen v. Abbott Laboratories*, 268 F. Supp. 3d 1152, 1170 (N.D. Ill. 2019) (collecting cases). Defendants therefore cannot rely on *King* and *Allen* in support of their argument that Plaintiff's claims do not relate back to the original complaint under Rule 15.

Plaintiff's initial complaint identified Cermak Health Services of Cook County as a defendant. [See 1.] Plaintiff contends that this was not because he failed to identify the correct Defendants. Rather, according to Plaintiff, he simply believed that suing Cermak was sufficient.[1] [34, at 9.] Although Defendants argue that this does not amount to a mistake under Rule 15, the Seventh Circuit has reached the opposite conclusion. See *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008) ("We have explained that a legal mistake concerning whether to sue an institutional or individual defendant brings the amendment within the purview of Rule 15[.]" (citation and internal quotation marks omitted)).[2] Although the Court informed Plaintiff that he did not name proper Defendants, that occurred on October 31, 2018 [see 8], months after the statute of limitations on Plaintiff's claims had expired. The Court therefore concludes that Plaintiff made a mistake as contemplated by Rule 15.

That leaves the question of whether Defendants (1) received notice of the action so that they will not be prejudiced in defending on the merits, and (2) knew or should have known the action would have been brought against them, but for a mistake concerning identity. Fed. R. Civ. P. 15(c)(1)(C). Because the Court is unable to make those determinations with the information currently before it, it is premature to determine at this time whether Plaintiff satisfies Rule 15(c).

---

[1] Although Plaintiff does not cite to any evidence in support of this assertion, Defendants recognize that Plaintiff may have believed that suing Cermak was sufficient. [35, at 5.]

[2] Even though Plaintiff cites this case, Defendants fail to address it in their reply brief.

See, *e.g.*, *Paulsen*, 368 F. Supp. 3d at 1170 ("[T]he Court concludes that the correct course of action in this case is to defer the question of whether the [complaint] properly relates back and to permit [defendant] to raise the question in a motion for summary judgment.").

B. **Equitable Tolling**

Even if the Court concluded that Plaintiff's claims against Defendants did not relate back under Rule 15(c), Plaintiff still would be entitled to equitable tolling. The doctrine of equitable tolling allows a "plaintiff to sue after the statute of limitations has expired if through no fault or lack of diligence on his part he was unable to sue before, even though the defendant took no active steps to prevent him from suing." *Donald v. Cook County Sherrif's Dep't*, 95 F.3d 548, 561 (7th Cir. 1996) (internal quotation marks and citation omitted). Further, "[i]f despite the exercise of reasonable diligence [the plaintiff] cannot discover his injurer's (or injurers') identity within the statutory period, he can appeal to the doctrine of equitable tolling to postpone the deadline for suing until he can obtain the necessary information." *Bryant v. City of Chicago*, 746 F.3d 239, 243 (7th Cir. 2014) (internal quotations marks and citation omitted).

The Seventh Circuit has recognized that equitable tolling may apply while a plaintiff's motion for counsel is pending until it is decided. *Donald*, 95 F.3d at 562. In *White v. City of Chicago*, a prisoner filed a *pro se* complaint against one named police officer, one unknown police officer, and the Chicago Police Department. 2016 WL 4270152, at *2 (N.D. Ill. Aug. 15, 2016). The plaintiff's complaint passed the screening order and three months later, plaintiff was appointed counsel. *Id*. Seven months later, the plaintiff, through his counsel, filed an amended complaint naming all individual police officers identified through police records. *Id*. at *3. These individual police officers filed a motion to dismiss arguing that the applicable statute of limitations barred the suit against them. *Id*. at *14. The Court ruled that the statute of limitations was tolled, per

8

*Donald* and related authorities, from the date the plaintiff signed his *pro se* complaint until at least when his appointed counsel made their first appearance. *Id*. at *21. And because the defendants did not demonstrate that the statute of limitations expired "taking into account these applicable, well-established tolling periods," the statute of limitations did not bar the plaintiff's claims. *Id*.

The same result obtains here. Plaintiff's motion for attorney representation was pending from July 26, 2018 (when Plaintiff filed his initial complaint and motion for attorney representation) until October 31, 2018 (when the Court granted Plaintiff's motion for attorney representation after completing its review of Plaintiff's amended IFP application and screening of Plaintiff's complaint). Pursuant to *Donald* and related authorities, the statute of limitations was tolled during that period. "In order to obtain dismissal of [Plaintiff's] * * * claims based on the statute of limitations, [defendants] would have to demonstrate that the * * * statute of limitations expired taking into account these applicable, well-established tolling periods." *White*, 2016 WL 4270152 at *21. Defendants here have not met this burden, as they have not made any attempt to do so.

Instead, Defendants argue that equitable tolling should not apply because Plaintiff did not make a mistake concerning the individual defendants' identities. [35, 7-8.] Defendants again cite *King* and *Allen* in support of that proposition. However, Defendants' reliance on these cases is misplaced. To begin, *King* does not even discuss equitable tolling. Although *King* discusses *Donald*, which does address equitable tolling, *King* cites the portion of *Donald* discussing Rule 15(c). The Court therefore does not find *King* to be relevant to Defendants' argument against the application of equitable tolling.

Although *Allen* does discuss equitable tolling, it did not address head on whether claims should be equitably tolled while a pro se prisoner's motion for attorney representation is pending

9

before the Court.³ In any event, more recent cases from the Seventh Circuit support the application of equitable tolling under the facts of this case. In *Bryant v. City of Chicago*,⁴ the Seventh Circuit stated that "when a pro se incarcerated plaintiff seeks to identify unknown defendants and has filed a motion that would help him identify those defendants, and the statute of limitations expires while the motion is pending, equitable tolling can be appropriate." 746 F.3d 243 (7th Cir. 2014) (citing *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 562 (7th Cir. 1996)). The court further ruled that "because an incarcerated pro se plaintiff is limited in what he can do to obtain missing information, he is reasonably diligent if he files a motion that directly affects his ability to file a claim." *Bryant*, 746 F.3d at 243. One of those motions, as discussed above, is a motion for appointment of counsel, *Donald*, 95 F.3d at 562, which Plaintiff did file. [See 4.]. Although Plaintiff did not file his amended complaint until January 18, 2019, months after the Court granted Plaintiff's motion for attorney representation, Defendants have not shown that Plaintiff and/or his counsel failed to act with reasonable diligence in doing so. Plaintiff's attorney filed his appearance *the day after* the Court issued its order recruiting counsel.⁵ Plaintiff's counsel immediately began

---

³ The Court's decision in *Allen* noted that in *Donald*, the Seventh Circuit "held that the trial judge should have permitted Donald to file an amended complaint, 'but only because Donald satisfied the mistake requirement for relation back under Rule 15(c).'" *Allen v. City of Chicago*, 2009 WL 4506317, at *4 (N.D. Ill. Nov. 30, 2009). "Donald's mistake was in naming only the administrative body, and not the individual officers, in his initial complaint." *Id*. Plaintiff made the same mistake here—naming nonsuable entities instead of Defendants. Furthermore, the statement relied upon by Defendants—that the Seventh Circuit only permitted the plaintiff in *Donald* to file an amended complaint because he satisfied the mistake requirement for relation back under Rule 15(c)—came in the Seventh Circuit's discussion of Rule 15(c), not in the Seventh Circuit's discussion of equitable tolling.

⁴ Although Plaintiff cites to *Bryant* in his opposition brief—a Seventh Circuit case directly on point—Defendants fail to address it.

⁵ Defendants argue that—under Rule 11—Plaintiff's counsel should have notified that Court that the statute of limitations on Plaintiff's claims had expired or stated whether any tolling principles applied. Although the Court asked that Plaintiff's counsel notify the Court whether he could file an amended complaint on behalf of Plaintiff consistent with Rule 11, the Court did not ask counsel to provide at that time all the legal support for Plaintiff's claims.

tracking down medical records necessary to identify the proper Defendants. [See 10.] And Plaintiff's counsel filed an amended complaint soon after receiving those medical records and discussing them with his client. [See 13; 15.] The Court therefore concludes that Plaintiff acted with reasonable diligence to identify the individuals who allegedly harmed him.

Defendants further argue that Plaintiff's claims are not subject to equitable tolling because (1) Plaintiff has not shown that Defendants received notice of the lawsuit before the statute of limitations expired, and (2) Defendants have been prejudiced by Plaintiff's delay. With respect to the first argument, as discussed above, whether Defendants received notice of the lawsuit is a factual issue that remains open. With respect to the second argument, even if Defendants did not receive notice of the lawsuit before the statute of limitations expired, Defendants have not shown that they have been prejudiced by the delay. Although Defendants speculate that they have "experienced prejudice such as unavailability of witnesses, faded memories and employment changes in personnel" [35, at 9], Defendants fail to substantiate that assertion with any details. Defendants therefore have not shown that the approximately four-month delay at issue in this case was sufficiently prejudicial to preclude the application of equitable tolling.

Accordingly, the Court concludes that—to the extent that Plaintiff's claims do not relate back to the filing of his original complaint under Rule 15(c)—Plaintiff is entitled to equitable tolling. This position is consistent with other decisions from this district applying equitable tolling under similar circumstances. *White*, 2016 WL 4270152, at *22; *Garcia v. Illinois Dept. of Children and Family Services*, 2006 WL 2632919, at *14 (N.D. Ill. Sept. 11, 2006); see also *Moore v. Morales*, 415 F. Supp. 2d 891, 895-96 (N.D. Ill. 2006).

## IV. Conclusion

Accordingly, the Court denies Defendants' motion to dismiss [31] on the statute of limitations issue.[6] Plaintiff is given until October 7, 2019 to file a response brief on Defendants' remaining arguments for dismissal. Defendants are given until October 28, 2019 to file a reply. The Court will issue a ruling by mail.


Date: September 9, 2019

_____
Robert M. Dow, Jr.
United States District Judge

---

[6] Because the Court concludes that Plaintiff's are subject to equitable tolling, the Court declines to address Plaintiff's alternative argument that the amended complaint relates back to the initial complaint under Illinois law.